St. John v. Smith.

The case was — The mother of Tom was settled in Salisbury; she went from that place pregnant with Tom to Norfolk, was warned out; and as she was traveling back through Canaan to Salisbury, Tom was born in Canaan, and is a bastard.

Question was — Whether Tom was settled in Canaan, where born, or in Salisbury with his mother.    Verdict for plaintiffs.

### ST. JOHN v. SMITH.

A debt assigned is the property of the assignee, and not liable to the creditors of the assignor.

AUDITA QUERELA to be relieved against three executions, in favor of said Smith, against him, for £59 11s. 8d. in all; issued on judgments obtained in March, A. D. 1787.   Sheriff Lord had executions at that time in his hands against said Smith to that amount, which had run out, and he become liable to pay:    Smith verbally agreed and assigned over said judgments and executions against said St. John, to said Lord for his indemnity, and to pay him, which said Sheriff Lord accepted; and said Smith afterwards absconded out of this state:    Huffman and Watson, creditors to said Smith, commenced suits against him, and copied St. John as debtor to said Smith, and were prosecuting said suits to recover the money of said St. John:  Sheriff Lord had taken out said three executions, and levied them on the property of said St. John.   Now he brings this writ to be relieved against the levy of said executions, on the ground that he was liable to Huffman and Watson.

Plea — not guilty.    Judgment — That the defendant is not guilty.

Two questions were made — 1st. Whether a debt by execution may be assigned by parol agreement so as to transfer

the property — 2d. Whether a debt assigned is liable to the creditors of the assignor who has absconded.

By the COURT. As to the debtor, it is immaterial to whom he pays the debt; provided he is thereby discharged. The parol assignment is good between Lord and Smith to authorize Lord to collect the money and convert it to the payment of the debt due to him from Smith, and Smith can never recover it from him; and St. John being compelled by the executions to pay said debt, must be thereby exonerated. Huffman and Watson afterwards attaching the debt did not alter the situation of it, which before, in equity at least, was the property of Lord; and it would be very unreasonable to take money from one honest creditor, who has a prior right, to give it to another. Besides, Huffman and Watson can have no better right than Smith had at the time of leaving their copies in service, at which time Smith had no right at all.

This point was determined on a special verdict above forty years ago at Hartford, in the case of Wells v. Pitkin, sheriff. One Josiah Troop was indebted to Chamberlain — assigned to him a note against Amos Fellows and absconded. Wells at the same time had an execution against Troop. Chamberlain recovered a judgment and execution in Troop's name on the assigned note — put it into an officer's hands — Wells had his execution renewed and put it into the same officer's hands, and ordered him to levy it upon the money which he received on the execution that was assigned to Chamberlain, which said officer refused to do and returned said Wells's execution *non est.* The action was brought for a false return. Upon these facts the judgment of the court was — That the defendant was not guilty.

And in the case of Redfield v. Hillhouse, determined at New Haven, August A. D. 1774; which was — Isaac Colton assigned a note against Hull to William Colton, in payment for a horse. William delivered the note to Hillhouse as an attorney to collect — who collected the money. Redfield instituted his suit against Isaac Colton as an absconding debtor, copies Hillhouse, and recovers a judgment against said Isaac,

takes out an execution and has it returned *non est*, and then brings his *scire facias* against Hillhouse. Question was — Whose was the property of the money at the time of leaving said copy. Judgment of the court — That said Hillhouse was not agent and factor to said Isaac, etc. The property of the money being in William Colton, the assignee.