*New-London,*
July,
1825.

PALMER *against* GREEN and another.

Palmer
*v.*
Green.

In an action of book debt, a book of the plaintiff, containing original entries of the matters in demand, is not indispensably necessary to support the action; although the want of such book is presumptive evidence against the demand.

A mere parol agreement between a creditor and debtor, that the former will collect no part of the debt, is not an effective release of the debt.

A written submission cannot be enlarged, by a parol agreement made contemporaneously; as the writing will be presumed to comprise the whole intention of the parties.

Though the jurisdiction of commissioners on the estate of a deceased person, is co-extensive with that of a court of law and of chancery; yet such commissioners cannot make a set-off of joint and separate debts against each other.

To authorize a set-off at law or in chancery, the debts must be mutual, and due to and from the same persons, in the same capacity.

This was an action of book debt, brought by the plaintiff as executor of *Reuben Palmer*, deceased, against *Christopher Green* and *Reuben Palmer*, traders in company under the firm of *Palmer & Green*, making a *profert* of the testator's book, and demanding 900 dollars. To the action the defendant's pleaded, first, that they owed the plaintiff nothing; secondly, a submission to arbitration, by the plaintiff's testator and *Green*, one of the defendants, of their book accounts, and of a note due from the testator to *Green*, and likewise of all the claims of the testator against the copartnership of *Palmer & Green*, so far as *Green* was interested in them, and an award thereon, in which the sum due from the copartnership to the testator was included; lastly, a settlement between the testator and *Palmer*, one of the defendants, and full satisfaction made of the demand now in suit. On these pleas the parties were at issue.

The cause was tried at *Norwich, January* term, 1825, before *Brainard*, J.

It was admitted, on the trial, that *Reuben Palmer*, deceased, had never made any charge on book against the defendants, for any of the articles claimed by the plaintiff; but they were credited upon the defendants' book, exhibited by them. The defendants insisted, that the plaintiff could not recover, in this action, without producing a book of the deceased, containing entries of the articles sued for; and prayed the judge so to instruct the jury. The judge instructed them, on this point, that it is not necessary, in all cases, that there should be a book kept; that a man may rely upon the books of his debtor; yet that as it was usual to keep books, a transaction out of the ordinary

course, in this respect, must excite suspicion; and that as the <span>New-London,<br>July,<br>1825.</span>
deceased kept no book, the jury must examine the accounts
with great attention.

Palmer
v.
Green.

The defendant *Green*, claimed, that the plaintiff had settled
with *Palmer*, the other defendant, for one half of the debt claim-
ed, and had agreed, by parol, that he would not collect any part
of the residue; and requested the judge so to instruct the jury,
that such parol agreement with one joint debtor would dis-
charge the other. The judge instructed the jury, that a dis-
charge to one joint debtor, discharged all; but that for a sub-
sisting debt, the discharge must be in writing.

The defendants adduced in evidence a submission between
*Reuben Palmer*, deceased, and the defendant, *Green*, of all their
book accounts and a certain note payable to *Green*, and an
award of the arbitrators, referring to such submission, and find-
ing, after examining the accounts of the parties, that there was
due to said *Palmer* from said *Green* 49 dollars, 80 cents, inclu-
ding all accounts. The defendants then offered to prove, by
*Comstock Chappel*, one of the arbitrators, that it was agreed by
parol between said *Palmer* and *Green*, that the arbitrators
should also, at the same time and place, take in consideration
the company accounts of the defendants with said *Palmer*; and
that they did accordingly take them into consideration, and in-
clude them in their award. This testimony the plaintiff object-
ed to, and the judge rejected it.

The defendant, *Green*, offered in evidence the records of the
court of probate of the appointment of commissioners on said
*Palmer's* estate, and their report, finding a large balance in his
favour against said estate. This evidence, on the objection of
the plaintiff, was also rejected.

It was proved, that the defendant, *Palmer*, had agreed, that
one half of the balance, which was due from the defendants,
*Palmer & Green*, should be set off, by the commissioners on the
estate of *Reuben Palmer*, deceased; and that the set-off was
accordingly made. And the defendant, *Green*, offered to shew,
by the testimony of one of the commissioners, that in settling
the estate, the other half due from him (*Green*) was, by the
plaintiff, before the commissioners, claimed to be set off against
the demand of *Green* on the estate; which was opposed by
*Green*; but the commissioners allowed the set-off against him,
and deducted the amount in question from the balance found

*New-London,*
July,
1825.

Palmer
*v.*
Green.

due to him.    To the admission of this evidence the plaintiff objected; and the judge rejected it.

The jury returned a verdict for the plaintiff on all the issues; and the defendants thereupon moved for a new trial.

*Gurley* and *Brainard,* in support of the motion, contended, 1. That this action being founded on book, of which a profert is laid in the declaration, the plaintiff is bound to produce one.

2. That a book debt might be discharged, by a parol agreement of the parties; and the discharge of such debt in favour of one joint debtor, would enure to the benefit of both.

3. That the evidence offered by the defendants, to shew what matters were submitted, and acted on, by the arbitrators, ought to have been received.    The written submission was not affected, by the subsequent parol one.    There were two submissions regarding distinct subjects, one in writing, the other by parol. It can surely make no difference, that the arbitrators were the same in both cases, and that they were to act upon both subjects, at the same time.    The validity of a parol submission, disconnected from a written one, would not be questioned.    But if the parol agreement is to be regarded as an enlargement of the written submission; still that agreement, being executed, will be effective.    *Hall* & al. v. *Stewart,* 5 *Day* 428.    Again, the evidence offered was proper to explain a latent ambiguity; that is, to shew what in fact were " all their book accounts."

4. That the records of the court of probate and the evidence relating to a set-off by the commissioners, ought to have been received.    In the first place, commissioners may make set-offs, where they could not be made at common law, or under the statute of set-off; it being necessary that the estate of the deceased should be settled by them without delay.    A creditor can, in no case, receive more than the *balance* due to him.    Secondly, the objection from a want of mutuality, was, in this case, waived by the plaintiff; as *he claimed* the set-off, and it was made in pursuance of that claim.    Thirdly, the adjustment was, at any rate, an *equitable* one; and this Court will not now grant a new trial, for the purpose of disturbing it.    *Pond* v. *Smith* & al. 4 *Conn. Rep.* 297.

*Cleaveland* and *Isham,* contra, insisted, 1. That a book of the plaintiff was not indispensable in book debt; it being regarded merely as evidence : if wanting, its place may be supplied by

other evidence. And if it can be dispensed with, in any case, it surely may be in this, where all the items of the plaintiff's account are credited in the defendants' book.

2. That proof of a parol agreement, that *Palmer*, one of the defendants, should not be called on for any part of the sum then due, could not be received. A release by express words, can only be by *deed.* *Co. Litt.* 264. *b.* *Com. Dig. tit.* Release. *A.* 1. 1 *Swift's Dig.* 300.

3. That the testimony to prove a parol agreement to add to the submission the account against *Palmer & Green,* was inadmissible. First, the submission was between *Reuben Palmer,* deceased, and *Green* only. Consequently, the parties to the written and parol submission were different. *Kyd,* 156. Secondly, where there is a written submission, no parol evidence to add to, or take from the powers of the arbitrators, is admissible. *Kyd* 141. 149. The claim of the defendant, is, to extend a written submission, by parol, so as to embrace a new *party* and a new *subject.* This is opposed to all principle.

4. That the records of the court of probate and the evidence relating to a set-off by the commissioners, were of no avail, and were properly rejected. First, the commissioners could not set off the company debt due from the defendants against the private debt, which the deceased owed to one of the defendants. *Murray* & al. v. *Toland,* 3 *Johns. Chan. Rep.* 569. 573. *Church* & al. v. *Knox* & al. 2 *Conn. Rep.* 514. Secondly, the agreement claimed could avail nothing. Both the defendants did not come into the agreement. *Green,* who was to be most affected by the set-off, opposed it.

HOSMER, Ch. J. The defendants objected, in the first place, that a legal book, in support of the plaintiff's claim, has not been exhibited. The plaintiff's testator never made a charge on book against the defendants; but at the trial, the defendants exhibited their book, and upon this, the items of the plaintiff's demand were credited. Were it *res nova,* the objection made would be entitled to much consideration; but the law on this subject is too well settled, at this time, to be disturbed. From the case of *Leavensworth,* admr. v. *Phelps, Kirby* 71. in 1786, it has been considered established law, that a book of the plaintiff, comprising charges regularly made, is not indispensable to his recovery; although an omission to make such charges, is presumptive evidence against the demand.

*New-London,*
*July,*
*1825.*

Palmer
*v.*
Green.

*New-London,*
*July,*
*1825.*

*Palmer*
*v.*
*Green.*

It has been insisted, that the defendants are released from the plaintiff's demand, by parol agreement between the plaintiff and *Reuben Palmer*, one of the defendants. Such an agreement was a mere *nudum pactum*, destitute of any legal operation. It constitutes no defence; and was rightly disposed of, by the judge. Had there been a release of one of the defendants, by the act of the party, undoubtedly it would have enured to the benefit of both.

The parties submitted their controversies in writing; and parol testimony was offered to shew an enlargement of the powers of the arbitrators, including a subject not mentioned in the written submission. The offered testimony was rejected by the judge. From the motion it does not appear, that the parties *first* made a written submission, and *afterwards* by parol conferred additional powers; but it is merely said, that " the defendants offered to prove, by the testimony of *Comstock Chapel*, that *it was also agreed,* without specifying *when* such agreement was made; and it is perfectly compatible with this statement, that the written submission and the supposed agreement by parol, were contemporaneous. If such were the fact, the testimony by parol could not be received, without varying the effect of the written submission, which must be presumed to comprise the whole intention of the parties. *Kyd* on *Awards*, 141. 149. Besides, the award conclusively shews, that the only submission acted on, was the one in writing. The arbitrators found, that there was due to *Reuben Palmer* from *Christopher Green*, 49 dollars, 80 cents, *having examined their accounts*. From this it is very apparent, that the private accounts of the parties were settled by the award, but that no reference was had to the company accounts. As it does not appear, that there was any submission by parol, *subsequent* to the one in writing, or that there was any award otherwise than *on the written submission*, the testimony offered was rightly rejected.

The reasons of the court of probate, offered to shew a set-off made by the commissioner on the estate of *Reuben Palmer*, deceased, were held to be inadmissible testimony; and that they were irrelevant and without effect, is perfectly unquestionable. The case is merely this. *Christopher Green* and *Reuben Palmer* owed a sum of money to the estate of *Reuben Palmer*, deceased; and the same estate was indebted in an equal or superior sum to *Green*. The plaintiff induced the commissioners to make a set-off of the separate debt due to *Green*,

against the joint debt due from both the defendants.    Had the *New-London,* July, 1825.
commissioners authority to make this set-off?

It must be admitted, that the jurisdiction of commissioners *Palmer v. Green.*
regarding set-offs, is co-extensive with that of a court of law
and of chancery ; but there is no reasonable pretence, that ei-
ther of these courts, in the preceding case, could have award-
ed a set-off.

By the statute on this subject (*p.* 43.) the right of set-off is
limited *to mutual debts* between the plaintiff and defendant ;
and the same law exists in *England* by statute 2 *Geo.* 2. *ch.*
22. *s.* 13. and without any statute, in the neighbouring state of
*New-York.*    By the decisions of *Westminster-Hall* and of the
state of *New-York*, a joint debt and a separate debt, are not
mutual debts, and cannot be set off against each other.    *Mon-
tagu* on *Set-off*, 23.    *Fletcher* v. *Dyche*, 2 *Term Rep.* 32.    *Sher-
man* v. *Crosby*,  11 *Johns. Rep.* 70.    *Simson* v. *Hart*, 14 *Johns.
Rep.* 63.

Courts of equity regarding set-offs follow the same general
rules as are established in courts of law; and to authorize them,
they require that the debts be *mutual.*    *Whitaker* v. *Rush*, *Amb.*
407.    Ex parte *Stephens*, 11 *Ves.* 24.    Ex parte *Hanson*, 12
*Ves.* 346.    They must exist between the parties in their own
right, and be of the same kind and quality, clearly ascertained
and liquidated.    *Addis* v. *Knight*, 2 *Meriv.* 117. 122.    *Duncan*
v. *Lyon*, 3 *Johns. Chan. Rep.* 351.    In *Dale* and others v.
*Cooke*, 4 *Johns. Chan. Rep.* 11. it was adjudged, that joint and
separate debts cannot be set off against each other in equity,
any more than at law ; and that to authorize such proceeding,
the debts must be mutual, and due to and from the same per-
sons, in the same capacity ; and that if to this rule there be any
exception, it must arise under particular circumstances ; as
where there is a clear series of transactions, in which a joint
credit is given.    *Vulliamy* v. *Noble* and others, 3 *Meriv.* 393.
618.

In respect of bankruptcy, the jurisdiction of the Chancellor,
in *England*, concerning set-off, is derived from certain statutes ;
(2 *Madd.* 512. 515.) and although of the rule of law forbidding
a set-off between joint and separate debts, there has been some
relaxation, in cases under the above-mentioned statutes ; yet
the departure from the general rule was first doubted, and then
over-ruled.    Ex parte *Twogood*, 11 *Ves.* 517.    Ex parte *Han-*

*New-London,*
July,
1825.

Palmer
*v.*
Green.

*son,* 12 *Ves.* 346.   S. C. on the Master's report, 18 *Ves.* 232. *Addis* v. *Knight,* 2 *Meriv.* 117. 121.

From the cases to which I have referred, the late learned Chancellor of the state of *New-York* came to this just conclusion, that joint and separate debts cannot be set off against each other in equity any more than at law.

The application of the principles established to the case before the Court, is obvious. The debt of the defendants to the plaintiff as executor, and that of the plaintiff in this capacity to *Green,* are not *mutual*; are not due to and from the same persons, in the same capacity. The capacity of one is individual, of the other representative; and the debt of one is joint, and of the other several.

It necessarily results, that the commissioners decided without having jurisdiction of the subject matter of their determination; and that the decision of the judge at the circuit was correct.

The other Judges were of the same opinion, except BRISTOL, J., who dissented on the point of set-off.

New trial not to be granted.