FRANCIS *against* RAND:

#### IN ERROR.

A judgment in favour of *A.* against *B.* individually, and a judgment in favour
of a copartnership consisting of *B.* and *C.* against *A.*, are not mutual debts ;
and one cannot be set off against the other.

Nor in such case, will an assignment of one of the partner's interest in the
judgment to the other, enable the latter to set off that judgment against the
separate judgment, unless the separate creditor had notice of such assign-
ment, at the time of the commencement of the suit in which the set-off is
sought.

*Qu.* Whether an attorney has any lien on a judgment in favour of his client,
which can be interposed to prevent a set-off between his client and the
judgment debtor.

THIS was a bill in chancery, brought by *Daniel Rand*, against
*Francis*, for a set-off.

At the term of the superior court, in *February*, 1827, *Daniel*,
*Richard* and *Robert Rand*, partners in trade under the firm of
*R. & D. Rand & Co.*, recovered judgment, in an action of
book debt, against *Francis*, for the sum of 730 dollars, 25 cents.
At the same term, *Francis* recovered judgment, in an action
of trespass, against *Daniel Rand*, for 117 dollars, 56 cents.
*Robert Rand*, on the 8th of *March*, 1827, and *Richard Rand*,
on the 13th of *August*, 1827, assigned and transferred to *Dan-
iel Rand* all the right and interest, which they respectively had
in these judgments.    *Francis*, at the time the judgments were
rendered, was, and ever since has been, insolvent and destitute
of property.    The bill was brought on the 16th of *August*,
1827, both the judgments being then wholly unsatisfied.

The defendants demurred to the bill ; and the court over-
ruled the demurrer.

The defendant then stated in his answer, that the action of
trespass, on which the judgment in his favour against the pre-
sent plaintiff was rendered, was instituted and prosecuted by
his attorneys, *Roger M. Sherman* and *William Van Duersen*,

*Middlesex,*
July, 1828.

Francis
*v.*
Rand

Esqrs. ; and that to said *Sherman,* for his professional services in said cause, there was justly due from the defendant the sum of 70 dollars, and to said *Van Duersen,* for his professional services and disbursements, there was justly due from the defendant the sum of 50 dollars ; for which sums said *Sherman* and said *Van Duersen,* respectively, had a *lien* on said judgment.

To this answer the plaintiff demurred.

The court sustained the demurrer ; and passed the decree sought. On motion of the defendant, the record was then transmitted to t hisCourt for revision in error.

*Sherman,* for the plaintiff in error, contended, 1. That the judgment in favour of *Francis* against *Daniel Rand* alone, could not be set off against the joint debt of the *Rands* against *Francis.* A separate debt and a joint debt are not *mutual* debts ; and of course, one cannot be set off against the other. *Addis* v. *Knight,* 2 *Meriv.* 121. *Duncan* v. *Lyon,* 3 *Johns. Chan. Rep.* 351 *Dale* & al. v. *Cooke,* 4 *Johns. Chan. Rep.* 11 Ex parte *Hanson,* 18 *Ves.* 232. *Palmer* v. *Green,* 6 *Conn. Rep.* 14. 19. *Stat. Conn.* 43. The assignment by *Richard* and *Robert Rand,* of their interest in the judgment against *Francis,* after *Francis* had obtained his judgment against the *Rands,* made no difference. *Daniel Rand* could set off no debt claimed by assignment, which he could not otherwise set off, unless *Francis* had notice, at the commencement of his action, of such assignment. *Stat.* 44.

2. That attorneys have a lien on the judgment, for professional services in the suit, in which the judgment was obtained ; and that this lien is paramount to the claims of general creditors. *Mitchell* v. *Oldfield,* 4 *Term Rep.* 123. *Read* v. *Dupper,* 6 *Term Rep.* 361. *Randle* v. *Fuller,* 6 *Term Rep.* 456.

*Hungerford,* contra, insisted, 1. That it is not universally true, that joint and separate debts cannot be set off against each other. A set-off of such debts was allowed at law, in *Mitchell* v. *Oldfield,* 4 *Term Rep.* 123. ; and was declared to be admissible in chancery, in *Vulliamy* v. *Noble* & al. 3 *Meriv.* 618. If there may be any exception to the general rule, it would seem to be peculiarly proper, in a case, where the party seeking to set off a joint against a separate debt, is the sole owner of the joint debt. Why should there not be a set-off, in such case ? No one can be injured by it. And here it is not neces-

sary to insist on a right of set-off, by virtue of an assignment *Middlesex,* under the statute. It is within the general powers of a court *July, 1828.* of chancery to grant the relief sought. *Pond* v. *Smith,* & al. *Francis* 4 *Conn. Rep.* 297. *Hathaway* v. *Russell,* 16 *Mass. Rep.* 473. *v.* *Rand.*

2. That the claim of lien interposed, is not sustainable. By a rule of the court of *King's Bench* in *England,* an attorney has a lien on the money recovered by his client, for his bill of costs ; but this rule does not prevail in the *Common Pleas. Hall* v. *Ody,* 2 *Bos. & Pull.* 28. *Emden* v. *Darley,* 1 *New Rep.* 22. *Vaughan'* v. *Davis,* 2 H. *Bla.* 440. In this state, it has been decided, that an attorney has no lien upon a judgment in favour of his client, which can prevent a set-off between his client and a third person. *Rumrill* v. *Huntington,* 5 *Day* 163. On general principles, an attorney has no superior equity.

HOSMER, Ch. J. I shall waive a decision of the question of lien made in this case, as being unnecessary, and confine my observations to the claim of set off.

By the statute, set-offs are allowed in the case of mutual debts only ; and " no debt claimed by assignment shall be set off, unless the plaintiff had notice, at the time of the commencement of the action, that such debt was due to the defendant." *Stat.* 43, 4. The assignment to the plaintiff, of which the defendant had no such notice, must be laid out of the question, as having no effect in this case ; and indeed, in the argument, no stress has been laid on this point.

The sole question is, whether a debt due from *Francis* to *Robert, Daniel* and *Richard Rand,* and a debt due from *Daniel Rand* to *Francis,* are mutual debts. The enquiry carries its own answer on the face of it. The debts are in no sense mutual. In *Palmer* v. *Green,* 6 *Conn. Rep.* 14. a joint and separate debt were adjudged not to be mutual debts, and that they could not be set off against each other ; and that to authorize this proceeding, they must be necessarily due to and from the same persons, in the same capacity. In this case, the debt due from one individual to another individual is requested to be set off against a debt due from an individual to a mercantile company. This cannot be done, as was determined in the case before cited ; and with that decision I am well satisfied.

*Middlesex,*
July, 1828.

Francis
v.
Rand.

The other Judges were of the same opinion, except BRAIN-ARD, J., who was absent.

Judgment reversed.