[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES AND SET OFF
In his complaint the plaintiff has sued Lucille Johnson as an individual alleging that as guardian of his estate she failed to perform her fiduciary duties. The claim is for the amount of the estate as it was declared when Johnson was appointed with interest and for wrongful detention of monies.
In a second count, Johnson is being sued in her capacity as principal on the bond she posted in probate court; the defendant Peerless Insurance Company, was surety CT Page 10626 on the bond.
In her answer to the complaint, Johnson claims she made voluntary payments for living expenses after the plaintiff reached the age of eighteen and that she is entitled to be reimbursed for these expenditures. This setoff claim is made by Johnson as an individual against the plaintiff in his capacity as an individual. The plaintiff has filed a motion to strike the setoff.
Peerless Insurance Company has filed a special defense claiming that it is not liable to the plaintiff beyond the scope of the fiduciary undertaking on the bond and, therefore, maintains that it is entitled to any and all credits and claims for setoff set forth by the co-defendant Johnson.
The plaintiff has filed a motion to strike against the Johnson setoff and the special defense of Peerless. The argument of the plaintiff is that Johnson's setoff is legally insufficient and Peerless' special defense should also be stricken since it is "premised upon the legally invalid setoff claim of Lucille Johnson," The court must confine itself to the precise issue raised and will rely on this memorandum of decision to decide both motions to strike in light of the way the plaintiff has framed his legal argument.
The basis of the plaintiff's motion to strike Lucille Johnson's setoff is that it is legally insufficient. Connecticut General Statute 52-139 provides in relevant part:
 "In any action for the recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other."
The plaintiff's argument is that mutuality of debt is a statutory prerequisite for a legal setoff. That means, says the plaintiff, "debts due to and from the same persons in the same capacity and of the same kind and quality." Several cases are cited, Lippett v. Thomas Loan Trust Co., 88 Conn. 185, 1999 (1914); Pitkin v. Pitkin, 8 Conn. 325, CT Page 10627 328 (1931); Shippee v. Pallotti Andreatti Co.,114 Conn. 560, 564 (1932)' Consolidated Limited v. Rudnich Sons Inc., 4 Conn. Cir. 581, and Franklin v. St. Luke's Community Services Inc., 6 Conn. Rptr. 198 (1992).
The cases cited by the defendant Johnson do not seem to be particularly on point. Savings Bank of New London v. Santaniello, 130 Conn. 206 (1943) in general language talks about the equitable basis of setoff and its function of preventing circuity [circuitry] of actions. Northwest Electric Inc. v. Rozbicki, 6 Conn. App. 417, 425 (1986) seems to treat the setoff in that case as a counterclaim and treats the matter as a joinder issue. The court reasoned the "further setoff", should have been allowed since the same issues of fact and law were involved in both the plaintiff's original claim as well as the defendant's claim defined as a "further set off." The court cannot say in this case that the same issues of fact and law are involved in the plaintiff's claim and the setoff. The mere fact that the parties are the same is not the controlling factor. The plaintiff's claim relates to actions taken or not taken by Johnson acting as a fiduciary. The setoff involves the totally unrelated issue surrounding alleged expenditures made by Johnson as an individual after the plaintiff reached majority.
But that does not resolve the issue for the court. A basic characteristic of a setoff and why it was such an innovative development in the procedural law is that it was allowed even though the claim made in the setoff was independent of the underlying claim of the plaintiff. Savings Bank of New London v. Santaniello, supra at page 200, Northwestern Electric v. Rozbicki, supra at page 426, Harral v. Leverty, 50 Conn. 46, 63, 64 (1882).
The court means no criticism of the plaintiff's memorandum which is concise and to the point but it is true that the cases the plaintiff cites, especially the older cases, are somewhat inscrutable due to their convoluted and archaic language. What these cases seem to be saying is that for reasons of equity we have created this doctrine of setoff, but for that very same reason it must be applied in a fair and common sense way. Looked at in this manner, the cases do not seem to support the plaintiff's position. When the cases talk about setoff and its requirement of CT Page 10628 "mutuality" and the fact that the debts due must be due to and from the same persons in the same capacity, they focus not just on the party who brought the suit but also the nature of the obligation he or she is trying to enforce. Then they look at the nature of the claims asserted by the defendant in the setoff and say, would it be fair to allow that claim given the nature of the plaintiff's underlying demand for relief?
Thus, in Franklin v. St. Luke's Community Services, Inc. supra, Ms. Franklin brought suit as the administratrix of her deceased infant daughter. Ms. Franklin only sued in her representative capacity. A wrongful death action survives death and the mother was suing for and in behalf of the estate. Obviously it would not be fair to the estate, whose action it is, to reduce any award it might be entitled to because of the mere fact that the defendant claims to have a setoff against the person who happens to be the administratrix in her individual capacity.
Similarly, in an action by co-partners representing the partnership interest, the defendant being sued on the debt owed to the partnership cannot set off a debt he claims one of the partners owes him as an individual. Meeker v. Thompson, 43 Conn. 77, 78 (1975) cited in Lippitt v. Thames Loan Trust Co., supra at page 199.
Pitkin v. Pitkin, supra, seems to stand for the understandable proposition that where someone is sued as an individual who happens to be an executor of an estate, he cannot set off a debt he alleges the plaintiff owes the estate against the individual debt the plaintiff claims that the defendant owes to the plaintiff. None of these factual scenarios bear any relationship to what we have here.
In this case the plaintiff's claim arises out of alleged actions or failures to act by the defendant as a fiduciary resulting in harm to the plaintiff beneficiary. It is the plaintiff who has maintained that he has a right to sue in his individual capacity based on claims that arise out of the administration of an estate and he now sues for a named amount. The plaintiff argued strenuously that the exclusive jurisdiction of this matter did not lie in probate court where that court could act to protect the CT Page 10629 estate and the interests of the beneficiary.
Although the defendant is being sued on a theory alleging wrongdoing on her part as a fiduciary. She is being sued as an individual. Any money the defendant claims the plaintiff owes to her cannot be said to unfairly reduce the monies the estate claims is owed to it because the estate is not the party bringing this action but Sebastian Jackson who sues in his individual capacity. It is not as if the estate as such is bringing this action; then the plaintiff estate could properly defend against the setoff claim, since it is no business of the estate if the defendant has separate non-estate related claims against the beneficiary.
Having taken advantage of his claimed right to bring this matter as an individual in superior court, the plaintiff subjects himself to the procedural rules and remedies available to parties in that court — one of which is set off.
Since the plaintiff argues that the Peerless right to setoff stands or falls with Johnson's right, the court denies the motion to strike as to each party.
Berman, Bourns Currie for plaintiff.
Silvester, Daly Delaney and Kenny Brimmer.