[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has filed a motion to strike a claim for set-off and a separate claim for recoupment.
There are three suits involving the parties. This case involves a vexatious suit claim brought by the plaintiff. The defendant here has a suit pending against the plaintiff in New Britain Superior Court. The set-off CT Page 7156 here claims the right of set-off "for any sums due him" in the New Britain case. The defendant's recoupment claim is made on the same basis.
In Connecticut long-standing law has held that the debt sought be set off had to be liquidated Palmer v.Green, 6 Conn. 14, 19 (1825), Lippitt v. Thames Loan Trust Co., 117 Conn. 271, 280 (1933). Only two exceptions have been carved out where the plaintiff is a foreign corporation or is insolvent, Hubley Mfg. Supply Co. v.Ives, 81 Conn. 244, 247, 501 (1928). The debt claimed here is clearly not liquidated and does not fall under either one of the exceptions. See generally Katz v. Taylor,10 Conn. L. Rptr. 329 (1993). Section 52-141 C.G.S. to which the defendant refers to is inapplicable on its face — a defendant is only permitted a set-off against any judgment already rendered against the plaintiff and the set-off must also be for a liquidated amount, see subsection (2).
The plaintiff also moves to strike the recoupment claim. Recoupment will lie only if the defense arises out of the transaction constituting the plaintiff's cause of action and it is purely defensive — used to diminish or defeat the plaintiff's claim. Recoupment can't be used as a basis for affirmative recovery, Genovese Admin. v.J.N. Clapp Co., Inc., 4 Conn. App. 443, 446, Jewett CityTrust Co. v. Gray, 35 Conn. Sup. 508, 510 (1977).
In a motion to strike the facts alleged in the pleadings must be read in a way most favorable to the nonmoving party, Amodio v. Cunningham, 182 Conn. 80, 82
(1980). From the face of the pleadings the court cannot ascertain if the recoupment claim arises out of the transaction which constitutes the basis of plaintiff's vexatious suit claim. As Stephenson says, recoupment is allowed if the cause of action asserted by the defendant in the recoupment is "intimately" connected with the plaintiff's claim so that it can be said to be a recoupment or "cutting back" of that claim. But this is a difficult judgment to make on a motion to strike and requires the court to consider representations not apparent from the pleadings.
Also the fact that the basis of the recoupment is an affirmative action against the plaintiff in another court CT Page 7157 will not for that reason alone prevent a recoupment claim. If in fact the claim made in the New Britain case does arise out of the same transaction as the present suit any recovery the defendant may secure there can be used not as a basis of affirmative recovery here but only to reduce the size of the judgment.
But there is a separate ground to grant the motion to strike here and that lies in the reason for the creation of the doctrine of recoupment in the first place. Allowing a cross-claim or recoupment is based as Stephenson says on notions of practicality.
 "Where the underlying purpose of the rule, to wit, judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of the cross claim, the cross claim may be expunged." See 1982 Cumulative Supplement, § 127(b) pps S90-S91.
As said in 20 Am.Jur.2d "Counterclaim, Recoupment, etc." at § 6 page 230, recoupment is a method of preventing circuity of action. It should be allowed to avoid a multiplicity of action and permit a defendant to give defensive evidence in matters arising out of the same transaction without having to file a cross action. Recoupment should be allowed if it can be done without "great inconvenience in practice."
Recoupment should not be allowed when a defendant's recoupment claim rests on a suit he has already brought. If the matters arise out of the same transaction perhaps a motion to consolidate should be filed. In any event permitting a recoupment defense which must wait the results of an independently filed claim in another court would only cause confusion, delay, and would prevent either court, here or in New Britain, from scheduling these matters in an efficient way. None of the benefits hoped for under the so-called equitable doctrine of recoupment would be achieved by allowing such a claim here.
The motion to strike is granted.
Corradino, J. CT Page 7158