White *v.* Hildreth et al.

---

ELISHA WHITE *v.* NATHANIEL HILDRETH and *Trustee,* JOHN L. HILDRETH.

*Husband and Wife. Attachment.*

Since the passage of the Married Woman's Act of 1847, Comp. Stat. p. 403, sec. 15, a husband has not, during his wife's life, an interest subject to attachment by his creditors, in the betterments made by him upon her land, by way of cultivation, or buildings in the ordinary course of occupancy, husbandry and improvement, or in the rent of such lands when leased under such improvements to a third party.

TRUSTEE PROCESS. The facts in the case are sufficiently set forth in the opinion of the court.

The county court, at the December Term, 1858,—BENNETT, J., presiding,—adjudged the trustee liable, to which the trustee excepted.

*Edwards & Stewart*, for the trustee.

*J. E. Dickerman*, for the plaintiff.

BARRETT, J. The father of the defendant's wife conveyed to her in 1844, a lot of land containing one hundred and eighteen acres, which was then worth two dollars per acre. Soon after this the defendant, with his wife and a family of small children, moved on to said land, and commenced clearing it up and erecting buildings thereon. He and his family have resided there ever since. He has improved the premises in the ordinary course, so that now they have become a farm worth twelve hundred dollars. In May, 1847, the trustee, who is a son of the defendant, rented said farm of his mother and stipulated to pay the rent to her. The defendant joined with his wife in executing the lease. That rent is sought to be reached by this process, on a debt owing by the defendant to the plaintiff.

The case does not show when the debt accrued, but we assume that it accrued so recently as not to come within the exception in the statute exempting the rents, issues and profits of the wife's real estate, and the husband's interest therein, from being taken and held on his debts.

In this case the *rent*, in its strictly technical and proper sense, is sought to be reached.

The question is, whether it is so the rent of *real estate belonging to the wife*, as to be shielded by the exemption provided by the statute referred to.

The wife owns the fee of the land. In contemplation of law, the improvements become incorporated in, and the permanent buildings accrue to, and become an integral portion of the realty. Those improvements and buildings have been made by the husband. They are the *betterments*, so to speak, that he has made

upon the land.   Obviously, as is claimed in the argument, were it not for those betterments the land would have commanded but a small part of such a rent as one hundred and twenty-five dollars, if any rent at all.   It is also clear that if the *defendant* had not, and somebody else had, made those betterments, there would be no ground for claiming that the rent could be reached and held upon the defendant's debts.   The question resulting from this analysis is, whether the husband, during coverture, holds such a *legal* interest in the *betterments* that he makes upon his wife's land, by way of cultivation and buildings, in the ordinary course of occupancy, husbandry and improvement, as can, by process of law, be reached by his creditors ?

It is not claimed that a mere *equitable* interest in the husband, that might accrue from such a state of facts, could be established and reached by this form of proceeding.   Hence it is needless, and so we forbear to inquire whether an *equitable* interest accrues to the husband in virtue of his relation to, and his work and expenditures upon the land of his wife,

Upon a first glance, it would seem as if the fruits of the defendant's labor and expenditures, such as are accruing in this instance, should in some way be made available towards the payment of his just debts.   But upon a most careful consideration we are unable to determine that it can be done in this form of proceeding.   The legal title to the land, with the supervening improvements and buildings is still in the wife.   It accrued to her during coverture, The rent reserved in the lease to her son is the rent of the land that she owns.   The statute expressly exempts such rent from the hands of her husband's creditors.

This provision of the statute seems to answer what otherwise might have been a plausible if not a well founded suggestion, viz : that though this money is made payable to the wife of the defendant, still it is but the rent of the freehold which the husband holds by virtue of the coverture and the birth of issue capable of inheriting, and is, in contemplation of law entirely the husband's without involving the wife, even as the meritorious cause.   If upon any principle of the common law or under any provision of the statute, we could distinguish and separate the betterments made by the husband, from the land itself, we might perhaps

devise some theory and mode of severance and apportionment by which, while the reasonable proportionate rent for the land in its original value should be left to the wife, the residue of the rent reserved should be held by the creditor of the husband. But the common law is barren of any such principle, and the statute is equally destitute of any such provision.

On the whole, we are compelled to regard the judgment of the county court as not well grounded. It is, therefore reversed, and judgment is rendered in this court that the trustee be discharged with costs.