## THE CONNECTICUT HUMANE SOCIETY'S APPEAL FROM PROBATE.

New Haven & Fairfield Cos., Oct. T., 1891. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and J. M. HALL, Js.

A husband and wife made a joint note and secured it by a mortgage of her real estate. After her death the husband claimed that it was a debt which her estate should pay. The court below found that "the note was made, executed and delivered by the husband in the lifetime of his wife for his own benefit." Held to be a conclusion of fact which could not be reviewed on appeal.

The court below, at the request of the counsel for the husband, stated in the finding certain special facts which the counsel claimed tended to show that the note ought equitably to be paid by the wife's estate; but added that "all such facts were duly weighed and considered in reaching the conclusion of fact before set forth." Held that the conclusion must still be regarded as wholly one of fact, from the evidence before the court.

The fact that the husband originally owned the land in question and deeded it to his wife, and that the money obtained on the note went indirectly to pay for a house upon the land, would not be inconsistent with the finding of the court.

The fact that a husband erects buildings on his wife's land occupied by him creates no legal presumption in his favor against her.

If a husband voluntarily makes such an improvement upon land of his

wife in his occupation, the law will presume that he intended it for her benefit and in the nature of a settlement upon her.

[Argued October 28th, 1891—decided February 29th, 1892.]

APPEAL from a decree of a court of probate allowing the administration account of Henry L. Sturdevant as administrator with the will annexed of Olivia A. Sturdevant, the appellant being the residuary legatee under the will; taken to the Superior Court in Fairfield County, and heard before *Fenn, J.* The court made the following finding of facts.

Henry L. Sturdevant, the appellee, and Olivia A. Sturdevant, his wife, were married March 3d, 1841, and lived together until March 6th, 1886, when the said Olivia died, leaving a will by which the Connecticut Humane Society was made residuary legatee, and which named no executor. Henry L. Sturdevant was appointed administrator with the will annexed, and as such presented to the court of probate his administration account for allowance, and from the de-. cree of the court, allowing the same, the present appeal was taken.

The $4,000 note to the Bridgeport Orphan Asylum, one of the items charged to the estate, was made, executed and delivered by the said Henry L. Sturdevant, during the lifetime of his said wife, for his own benefit and for his own credit and account, so far forth as the same was upon personal credit, and not upon the credit of real estate mortgaged to secure the same, which stood in the name of said Olivia; in consequence of which fact she joined with him in the execution of the note and mortgage. The items claimed for interest paid or due on the note, were due from him individually. The note is outstanding and has not been paid.

All the other items of the account disallowed by this court are for moneys paid by the appellee, either during the lifetime of said Olivia or since, in discharge of debts contracted by him on his individual credit and account and for his benefit, and were in no sense or manner contracted by the said Olivia or chargeable to or payable by her.

At the special request of the appellee's counsel, I incorporate into this finding certain other facts regarded by me merely as subordinate and incidental, and which were duly weighed and considered by me in reaching the conclusions of fact or ultimate facts above set forth, and which ought not, therefore, to be stated, but which are claimed by counsel to be themselves material other than as incidental, namely :—

Henry L. Sturdevant is seventy-four years of age. He and his wife lived nearly all their married life in Bridgeport. They never had any children. At the time of their marriage Mrs. Sturdevant had no property and brought none to her husband. She was active in charitable and other societies and was an ambitious woman. In 1869 Mr. Sturdevant bought the frame house and lot of land situated on the corner of Lafayette and Prospect streets in Bridgeport, from John Brooks, and with his wife went there to live. Brooks held a mortgage on the place for $3,000.

In 1870 Mr. Sturdevant, through an intermediary, conveyed this property to his wife, but not to her sole and separate use. A brick building was built on the land in 1880. Prior to the improvement of the property, and at the time of its conveyance to Mrs. Sturdevant, it was worth, free from encumbrance, $7,000.

The value of a lot sold from the south half went towards paying for the building, and $3,600 was borrowed of a Mrs. Hubbell, which also went into the building; as did also the most of the excess of the $4,000 loan before referred to, which took up and replaced said $3,600 loan. The $4,000, as before stated, is still outstanding, secured by a mortgage on this property.

In 1881 Mr. Sturdevant bought the Myrtle avenue house from a Mrs. Dexter, for about $6,000, and the deed of the property was taken in the name of his wife.

In addition to these facts, I further find that Mr. Sturdevant was allowed to testify, against the objection of the appellant, that in 1870 a Mrs. Banks wanted to have him support her for life, paying $3,000 down and $2,000 more at

her death; that Mrs. Banks thought she would be safer in making this payment if he would deed the property to his wife, (which he did to satisfy her,) and then use the $3,000 to discharge the Brooks mortgage ; that his wife was to deed the place back to him at any time he requested her ; and that Mrs. Banks died in 1872. He then said :—" In 1876 or 1877 I asked her to deed the place back to me, that I might go into a small business I had an opportunity to go into ; she objected to my going into business, but didn't object to deeding it back to me, but talked me out of it, and so I let it pass." He further stated that the reason he had the deeds of the Myrtle avenue property taken in the name of his wife, was, because his wife said to him, " You'd better give me the deed of it. I have made my will and given all the property back to you." That he was poorly at the time, and she added, " In case of your death you would have no estate to settle, and the property then would be mine, and nobody to say anything about it, and if I should die first my will gives everything to you." He further said :—" In 1881, when I let Mrs. Dexter give the deed of the Myrtle avenue house to her, she said, ' I will take all the income of the house. You let me have all of the income, and I will do what I can with the help of a hired girl.' Well, I was talking about going outside. She says, ' Don't you do it.' She says, ' I will give you all the money you want; let me have the income, you need not do anything, only look around and take care of the property, look after it and put it in order, and so forth and so on, and I will give you all the money you want to buy your clothes, and what you want to spend, and everything of that kind.' She would pay all the debts, buy everything and pay for it." That she did, in fact, receive the income of the property. That the items of $1,000 and $462, in the administration account, were made up of an aggregation of small items charged to him, but which, as between him and her under the agreement, she ought to pay, but did not, so he paid them. That she would say, " Henry, you have some money, why don't you go and pay the taxes ? " That he said,

"Why don't you pay them? It belongs to you to pay, you have all the income." That she said, "You have the money." That he said, "Suppose I have, I haven't enough to pay for this." "Yes, (said she,) you have."

The appellee testified that there never was any writing, nor was it claimed that any third person was ever present at any of the claimed conversations. The recollection of the witness was not distinct, nor were his statements sustained by vouchers or otherwise supported. No testimony was offered directly to contradict his statements as to conversations between himself and wife while alone together. In some other material respects his testimony was attacked, and I find him to have been mistaken. All this evidence was objected to, but admitted *pro forma* against such objection, and fully weighed and considered.

The court rendered judgment in favor of the appellant and the appellee appealed to this court.

*G. Stoddard*, with whom was *C. Sherwood*, for the appellant (original appellee.)

1. Under the facts found the allowance of the claim for $4,000 by the administrator against the estate of his wife, was proper and lawful. The property now constituting that estate consists wholly of property which was conveyed to her by her husband, and which is now a part of her estate because she violated the agreement and understanding by which alone she got the title to it. *Haussman* v. *Burnham*, 59 Conn., 117. The estate ought to be charged with *a trust* in favor of the husband, so that he could obtain the entire beneficial interest in it after the payment of debts, for the reason that the wife would never have obtained this property from her husband except upon her agreement that he should, if he survived her, have the entire property. *Ward* v. *Ward*, 59 Conn., 188. The claim now pressed is not, however, for the property, but that the estate which had the benefit of the $4,000 should be held for its payment. The decedent certainly promised to pay this note. She signed it and mortgaged the property which she held

from her husband to secure its payment. Such promise was legally binding upon her as a contract, as it was for the benefit of her estate. As against the decedent and the Orphan Asylum the claim was properly allowed against her estate; the fact that the husband also signed does not affect her liability. This court should now do equity between all the parties and carry out their intention. She agreed with her husband that she would from her estate pay all the debts. This agreement the court can very properly enforce, as has been so recently held in the case of *Haussman* v. *Burnham,* above cited. The situation of the husband and wife and their relations to this property show that it was the intention of both to have the estate, which had been put in the name of the wife, pay this debt, and it certainly was not their intention that the wife should retain the entire property or dispose of it to strangers, and burden him with the payment of this obligation. It was upon the faith of this agreement that the husband conveyed his property to his wife, and himself signed the note in question. For her or her representatives to now claim the estate, and throw the burden of the improvements upon the husband, in violation of the express agreement and undoubted purpose of the parties, would be grossly inequitable, and would be in conflict with the doctrine so recently laid down by this court in the case of *Wainwright* v. *Talcott,* 60 Conn., 52. See also *Donovan's Appeal from Probate,* 41 Conn., 557.

2. There is nothing in the finding that prevents this court from granting relief to the appellant. It is unusual and peculiar, and is not such a finding, it seems to us, as either this court or this appellant is entitled to. Its general scope seems to be that from all the facts found the law absolved the estate of the wife from all liability for payment of this $4,000 note, and cast the entire burden on the husband. To be sure the court calls these conclusions "conclusions of ultimate facts" based upon "subordinate and incidental facts," which are set forth, but the conclusion is that on the facts the estate of the wife was not liable in law and the husband solely liable. This conclusion we respectfully sub-

mit is more properly called a *conclusion of law* than of *ulti-mate facts*.  In the case of *Ward* v. *Ward*, 59 Conn., 197, this court said :—" In cases where the conclusions of the court are conclusions of law based upon facts, the facts may be considered by this court upon appeal ; but not so where the conclusions of the court below are conclusions of fact from the evidence before it;" and in quoting from the case of *Hayden* v. *Allyn*, 55 Conn., 289, the court says :—" If this had been a conclusion of fact from the evidence before the court, it could not be reviewed, but it is very clearly an inference of law upon the facts specifically found."  If the trial court comes to a wrong conclusion or draws an erroneous inference from the facts found, this court will review the facts, correct the conclusion, and draw the proper inference.  *Bennett* v. *Bennett*, 43 Conn., 319; *Schoonmaker* v. *Albertson & Douglass Machine Co.*, 51 id., 387, 392.  It will correct an erroneous judgment based upon the finding of facts.  *Brady* v. *Barnes*, 42 Conn., 512; *Nolan* v. *N. York, N. Haven & Hartford R. R. Co.*, 53 Conn., 475.

*L. N. Middlebrook* and *R. E. DeForest*, for the appellee (original appellant.)

1. Where husband and wife unite in a mortgage of the wife's real estate, the husband, as between them, is liable for the payment of the mortgage debt.  2 Swift's Digest, top pages 142, 143, 209; Schouler's Domestic Relations, (3d ed.,) §§ 137, 152, 209 ; Reeve's Domestic Relations, (3d ed.,) 286.  An important duty imposed upon every tenant for life is that of keeping down the interest upon existing encumbrances upon the estate.  1 Washburn on Real Property, (4th ed.,) 123.  If the husband erects buildings upon his wife's land, or otherwise makes permanent improvements thereon, expending his own money for such purpose, the presumption is that he intended the expense for his wife's benefit, and he cannot recover for it. Schouler's Domestic Relations, (3d ed.,) § 203 and note ; 1 Washburn on Real Property, (4th ed.,) 123, 335 ; *Wash-*

*burn* v. *Sproat*, 16 Mass., 449 ; *Burleigh* v. *Coffin*, 22 N. Hamp., 118.

2. The conclusion of the court that the $4,000 was for the benefit of the husband is clearly a conclusion of fact which cannot be reviewed here. The special facts found with regard to an equity in favor of the husband, are not all the facts from which the conclusion was derived, and are really only evidence, and this the court states in the finding to have been fully weighed and considered in coming to the conclusion stated.

J. M. HALL, J.    Henry L. Sturdevant, the present appellant, and Olivia E. Sturdevant, were married March 3d, 1841, and lived together until March 6th, 1886, when said Olivia died, possessed of three parcels of real estate situated in the city of Bridgeport. She left a will, in which, after making certain legacies, she gave her husband absolutely one piece of real estate and the life use of all the rest of her property ; and after providing for the payment of certain other legacies after his decease, made the Connecticut Humane Society, the present appellee, her residuary legatee. Said Henry L. Sturdevant was appointed administrator with the will annexed, and in due time presented his account as said administrator to the probate court for the district of Bridgeport for allowance.

The account contained, among other items, charges for money loaned by said H. L. Sturdevant to his wife, amounting to $1,462 ; taxes paid, amounting to $688.24 ; and also an item of $4,000 principal and $300 interest on the same, which was a note for that amount payable to the Bridgeport Orphan Asylum and executed by said H. L. Sturdevant and Olivia E. Sturdevant, his wife, and secured by a mortgage on a tract of land with the north half of a brick dwelling-house standing thereon, at the corner of LaFayette and Prospect streets in Bridgeport.

All these claims having been allowed against the estate as the debts of said Olivia E. Sturdevant by the probate court, an appeal was taken to the Superior Court, where they were

all disallowed. The administrator claims error in this action of the court below.

The finding in the case effectually disposes of all items of the account except the $4,000 note and the interest thereon, as follows :—" All the other items of said account disallowed by this court are for money paid by said appellee, either during the lifetime of said Olivia or since, in discharge of the debts contracted by him on his individual credit and account and for his benefit, and were in no sense or manner contracted by said Olivia or chargeable to or payable by her." This clear and explicit finding leaves no opportunity for review in this court. It concludes the present appellant as to every question concerning all the items of the account except the $4,000 note and interest.

As to this latter claim the finding is as follows :—" The $4,000 note to the Bridgeport Orphan Asylum, which appears as one of the items charged to the estate, was made, executed and delivered by the said Henry L. Sturdevant during the lifetime of his said wife, for his own benefit and for his own credit and account, so far forth as the same was upon personal credit, and not upon the credit of the real estate mortgaged to secure the same, which stood in the name of said Olivia, in consequence of which fact she joined with him in the execution of the note and mortgage. The items in the account claimed as interest paid on the $4,000 note were due from him individually."

The present appellant claims that this part of the finding of the court is a conclusion of law, based upon other facts appearing in the case, and therefore is reviewable here. A brief examination of this branch of the case will test the accuracy of this claim.

Here was a note for $4,000 signed by the husband and wife. The husband as administrator upon his wife's estate, charges the note and accrued interest on the same over to her estate. The note upon its face shows a joint liability of both husband and wife. The mortgage to secure the note was executed by both, upon property standing in the wife's name, but not her sole and separate estate.

Objection being made to the allowance of this claim against her estate, the question whether it was her debt or that of her husband becomes most clearly a question of fact, to be decided by the court upon competent evidence. The fact that the wife had signed the note with her husband, and even joined in a mortgage upon real estate standing in her own name, is by no means conclusive. It is not an infrequent occurrence that a wife, for the purpose of assisting her husband in a business enterprise or transaction of his own, joins in a note with him and mortgages her own property to secure it. She thus becomes a surety for him, and while she may thereby become obligated to third parties, the law will not, as between her husband and herself, raise a presumption that the note and mortgage were given to secure a liability incurred for her own private benefit or for the advantage of her estate. For which party such liability was incurred must be determined by the evidence and circumstances surrounding each particular case. Now in the present case the court below has found that the $4,000 note to the Bridgeport Orphan Asylum was executed and delivered during the lifetime of Mrs. Sturdevant, for the credit, benefit and account of said Henry L. Sturdevant, her husband. It is true that the trial judge, apparently yielding to the persistency of counsel, was induced to add to his positive finding a statement of certain evidence adduced before the court tending to show that the debt in question was a debt that should be equitably paid by the wife's estate, but the court, after indulging counsel in this exceptional privilege, proceeded to demolish its entire effect by stating that " all such facts were duly weighed and considered in reaching the conclusion of fact or the ultimate facts before set forth." Such a finding cannot be called a conclusion of law. It is a clear conclusion of fact based upon evidence produced before the court.

This court has recently said that "in a case where the conclusions of the court were conclusions of law based upon facts, the facts may be considered by this court upon appeal, but not so when the conclusions of the court below are con-

clusions of fact from the evidence before it." *Ward* v. *Ward*, 59 Conn., 197.

The court below stated certain evidence as requested by counsel. It did not pretend to state all the evidence before it and finds the evidence that it did state not true. There can be no pretense here, as in *Hayden* v. *Allyn*, 55 Conn., 289, that " the evidence had exhausted itself in producing the facts found." There must have been other evidence before the court than that stated, which was weighed and considered by the court in reaching its ultimate conclusions.

The claim so strongly pressed by the present appellant, that the husband originally owned and deeded the real estate in question to his wife, and that the money raised upon the $4,000 note and mortgage given to the Bridgeport Orphan Asylum went indirectly to pay for the brick dwelling-house placed upon the land so conveyed to the wife, are not inconsistent with the conclusions of fact found by the Superior Court. Under the statute, even after the conveyance of the real estate to his wife, the husband would be entitled as trustee to all the income from the property. It is conceivable that the husband under such circumstances might borrow money to improve the property and thereby increase the income therefrom, by means of the joint note of himself and wife, and secure the same by mortgage of real estate standing in her name, and yet, as between himself and wife, become the real debtor. The mere fact that the husband erects buildings on his wife's land in such circumstances creates no legal presumption in his favor as against her.

It is well settled that if a husband voluntarily makes such an improvement upon land of his wife in his occupation, the law will presume that he intended it for her benefit, and in the nature of a settlement upon her, and he cannot recover for the same. *Campion* v. *Cotton*, 17 Ves., 272; *White* v. *Hildreth*, 32 Verm., 265; *Brevard's Exrs.* v. *Jones*, 50 Ala., 221; *Washburn* v. *Sproat*, 16 Mass., 449; 1 Washburn's Real Property, (3d ed.,) 318; Schouler's Domestic Relations, § 203.

The failure of the court to find as a fact any promise or agreement on the part of the wife to pay the debt in question or any part thereof, prevents the application in this case in favor of the husband of the equitable doctrine applied in the case of *Haussman* v. *Burnham*, 59 Conn., 117. The appellant has had his day in court, and the issues of fact decisive of his case have been found against him. We have no power to re-try those issues.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.