By writ, summons and complaint dated March 16, 1942, and returned to this court on the first Tuesday of April, 1942, plaintiff, as administrator d.b.n. on the estate of Wendell P. Allgor, late of Bridgeport, brings this action to recover a deposit of $400 alleged to have been paid by his decedent to defendant when a written lease was entered into on or about November 7, 1938. Plaintiff, as such administrator, claims (1) $500 damages; (2) a refund of said deposit of $400; and (3) such other relief warranted by justice and equity.
Defendant in its answer has included a counterclaim for damages in the amount of $1,500 based upon alleged acts of waste allowed and permitted on the leased premises by plaintiff's decedent, his servants, agents and employees, contrary to and in violation of a provision in the lease itself.
The counterclaim thus interposed is productive of plaintiff's demurrer and forms the subject of this memorandum. The sole ground of the demurrer is that the counterclaim, as such, "contains no allegation that any claim against the estate of Wendell P. Allgor has ever been presented to the administrator for the purported damages alleged therein as in such case is required by statute."
By statutory mandate creditors of the estate of a deceased *Page 67 
person (being probated as a solvent estate) are to exhibit their claims against such estate to the executor or administrator thereon within the time fixed by the court of probate. (Gen. Stat. [1930] § 4914.) Also, such claims are to be in writing. (4915.)
A creditor whose claim has been disallowed in whole or in part by an executor or administrator of a "solvent estate" may commence a suit within four months after written notice of a total or partial disallowance of his claim shall have been given by the executor or administrator (§ 4918), or such creditor may within one month after notice of such disallowance apply to the court of probate for the appointment of commissioners to pass upon the merits of the claim that was disallowed in whole or in part (§ 4920.)
Defendant's counterclaim does not allege that the claim upon which it is predicated was exhibited and presented in writing to plaintiff in his representative capacity and disallowed in whole or in part. If the estate in question is solvent, presentation of a claim such as that which forms the basis of defendant's counterclaim is a condition precedent to recovery. In Grant vs. Grant, 63 Conn. 530, the Supreme Court said (p. 546): "Such presentation is essential, and a condition precedent to legal recovery against a solvent estate. The object of the statute making it requisite, is apparent. It is `to enable the administrator to perform his duties.... In the first instance the administrator must pass upon all claims against such estates. He is not presumed to know what they are, and in a great majority of cases he cannot know, until they are presented to him by the creditors.' Pike v. Thorp,44 Conn. 453. The law, therefore, has made it as essential to a claimant's right of recovery of a legal claim, in a higher court, against a solvent estate, that it should be first presented to the executor or administrator, and an opportunity given him to examine and pass upon it, and to allow or disallow it, as it is that such a claim against an estate represented insolvent, should be presented to the commissioners upon such estate, for their action."
The Grant case was before the Supreme Court in 1893. The last 50 years has not resulted in a different statement of the rule.
For reasons which are obvious, the court assumes that the estate in question is a solvent estate. *Page 68 
Defendant argues that the subject matter of its styled "counterclaim" in reality relates to, and is, a "set-off." Its counsel stated in oral argument that defendant is only interested in offsetting, or striking a balance between, any amount that might be found due the plaintiff on his complaint and not in recovering a judgment in excess of any such amount. The short answer to this argument is that defendant under its styled "counterclaim" has asked for damages in the amount of $1,500, thereby exceeding plaintiff's demand. On demurrer it is the written pleadings that the court considers and not oral amendments and qualifications thereto.
The fact that defendant styles its pleading in which it claims damages as "counterclaim" rather than as "set-off" is not too important. See Boothe vs. Armstrong, 76 Conn. 530, 533. It is obvious that defendant wants the court to treat its demand as being in the nature of "recoupment." As was said inBoothe vs. Armstrong, at p. 532: "In set-off [and counterclaim for that matter] the defendant might have a judgment for an excess of his claim over that of the plaintiff: in recoupment he could not." In any view of the matter "recoupment" is not a "counterclaim" or "set-off" within the meaning of statutes relating to pleading. See Orsi vs. Hall. 8 Conn. Sup. 92, 96. The court necessarily takes the pleadings as they are and does not revamp them to suit the fancy of counsel.
Defendant also urges upon the court for acceptance the case of Berrigan vs. Pearsall, 46 Conn. 274, as authority for the proposition that failure to present a claim to an administrator within the time limited by the Court of Probate for presentation of claims does not bar a claimant thereafter from availing himself of a set-off in an action subsequently brought by the administrator to recover a sum alleged to be due the estate arising out of a right transmitted by the decedent to his representative. The court makes three observations in rejecting the Berrigan case as controlling: (1) the amount due defendant therein from the deceased Hennelly was liquidated ($300 less $118.09 due Hennelly in his lifetime from defendant); (2) Hennelly's estate was in course of settlement as aninsolvent estate as distinguished from a solvent estate; (3) the plaintiff in the action was not the administrator of Hennelly's estate suing to recover for the benefit of the estate.
Cases cited in the footnotes of 1 Cleaveland, Hewitt Clark, Probate Law Practice (1926) § 218, pp. 277-279 (including *Page 69 
the Berrigan case, supra, under note 139, p. 279) are distinguishable on many grounds.
Plaintiff's demurrer is well taken. 1 Cleaveland, Hewitt Clark, Probate Law Practice, supra, § 224, p. 288; Raymondvs. Bailey, 98 Conn. 201, 209.
 For reasons stated, the demurrer is sustained.