## ETHEL LANG, ADMINISTRATRIX
### (Estate of George B. Lang)
*vs.*
## ROBERT E. STODDARD ET AL.

Superior Court　　　New Haven County　　　File No. 65154

MEMORANDUM FILED NOVEMBER 21, 1944.

*William J. Carrig,* of New Haven, and *Samuel J. Platcov,* of New Haven, for the Plaintiff.

*Francis J. Moran,* of New Haven, for the Defendants.

McEVOY, J.   In this action an administratrix brought suit against the defendant truck owner and its operator for damages alleged to have arisen out of a collision between an automobile operated by the plaintiff's intestate and the defendant's truck.

Thereafter the defendant trucking company filed a counter-claim for damages to the truck of this defendant, claimed to have arisen out of a collision. The plaintiff filed a demurrer to the counterclaim of this defendant because:

1. It is not alleged, nor does it appear, that the defendant's claim was ever presented to the plaintiff in her capacity as administratrix within the time limited by law.

2. It does not appear, nor is it alleged, that the plaintiff disallowed said claim.

Section 4914 of the General Statutes, Revision of 1930, provides for the limitation of a time for the presentation of claims against an estate and further provides: "and, if any creditor shall fail to exhibit his claim within such time as may be limited by such order, he shall be barred of his demand

against such estate. . . ." A complaint failing to allege such presentation is defective.

In *Raymond vs. Bailey,* 98 Conn. 201, at pages 208, 209, it appeared that no claim was raised on the trial that the complaint was defective by reason of the absence of any allegation of presentation of the claim. At page 209 the court said: "If that allegation was essential, the defendant should have demurred. . . ."

In *Grant vs. Grant,* 63 Conn. 530, at page 546, our Supreme Court said: "There is nothing in the complaint which indicates that any claim against the estate has ever been presented to the administratrix. . . .and unless the fact that it has been presented exists, and could therefore be stated, any amendment would fail to make a valid complaint, adapted to the recovery of a claim. Such presentation is essential, and a condition precedent to legal recovery against a solvent estate. The object of the statute making it requisite, is apparent. It is 'to enable the administrator to perform his duties. . . . In the first instance the administrator must pass upon all claims against such estates. He is not presumed to know what they are, and in a great majority of cases he cannot know, until they are presented to him by the creditors.' *Pike v. Thorp,* 44 Conn., 453. The law, therefore, has made it as essential to a claimant's right of recovery of a legal claim, in a higher court, against a solvent estate, that it should be first presented to the executor or administrator, and an opportunity given him to examine and pass upon it, and to allow or disallow it, as it is that such a claim against an estate represented insolvent, should be presented to the commissioners upon such estate, for their action."

The matter set out by way of counterclaim may not be said to serve as such nor as set-off or recoupment since it does not form part of a mutual debt, nor is it part of a reciprocal obligation. *Pitkin vs. Pitkin,* 8 Conn. 325; *Meeker vs. Thompson,* 43 id. 77, 80.

There is another phase of the matter which is very well set out in the plaintiff's brief as follows: "In this action there can be but one recovery—either the defendants were chargeable with negligence which caused the plaintiff's decedent's death, or the plaintiff's decedent was chargeable with negligence which caused the damage to the defendant's truck, or both

parties were chargeable with negligence which contributed to the injury, in which event neither party would be entitled to a recovery. If the jury finds the issues for the plaintiff it must necessarily find against the defendant (trucking company) on its counterclaim, and if it finds the issues for the defendant (trucking company) on its counterclaim, it must necessarily find against the plaintiff on her complaint. The jury may not award damages to both parties. The doctrine of recoupment or set-off cannot apply in an action of this kind."

The simple reason for this is that the function of the recoupment is to reduce the plaintiff's damages and if damages are awarded to the plaintiff then none may be awarded to the defendant trucking company, which filed the counterclaim.

It is unnecessary to consider the second ground of the demurrer.

For the reasons stated the demurrer is sustained upon the first ground.