STATE OF CONNECTICUT v. SOPHIE JASINSKI, EXECUTRIX
(WILL OF STANLEY ZALASKE)

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 69452

Memorandum filed May 21, 1948.

*Raymond J. Cannan,* Assistant Attorney General, of Hartford, for the Plaintiff.

*Richard T. Mokrzynski,* of New Haven, for the Defendant.

ROBERTS, J.   This action is by the state of Connecticut against the representative of the estate of Stanley Zalaske, deceased, for his care and treatment during his lifetime at Undercliff Sanitorium.

Under § 5624 of the General Statutes, it appears that as a matter of right the following named classes of cases shall be entered in the docket as jury cases upon proper request, viz:

"Appeals from probate involving the validity of a will or paper purporting to be such, appeals from the doings of commissioners on insolvent estates, and, except as hereinafter provided, civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity."

This case clearly does not fall within the first two classes, to wit, appeals from probate involving validity of a will or appeals from doings of commissioners on insolvent estates.

Is it a civil action involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity? The term "properly cognizable in equity" means capable of being judicially heard and determined in equity. *Roy* v. *Moore,* 85 Conn. 159, 162.

The type of action in this case, although statutory, is somewhat analogous to the equitable action of a wife against her husband for support, which action was not possible at law.   In such an action there is no right to a jury trial. *Kaszeta* v. *Kaszeta,* 134 Conn. 329, 333.

Under statutes of the type here in question it is held that the state has entered into no contract relation with the party but acted in the performance of a governmental duty. Prior to the existence of said statutes there would have been no action at law to enable the state to recover for such support. *Reilly* v. *State,* 119 Conn. 508, 511; *State* v. *Romme,* 93 Conn. 571, 573.

The plaintiff has withdrawn the second count of the complaint and so, as the action now stands, it is based solely on statutory provisions of § 1005c Cum. Sup. 1935, or § 250f, Sup. 1941, the history of which indicate that both were enacted after January 1, 1880.

Section 5624 further provides:

"All cases not entered in the docket as jury cases under the foregoing provisions, including . . . all other special statutory proceedings which, prior to January 1, 1880, were not triable by jury, shall be entered on the docket as court cases . . .".

As pointed out above this action is a special statutory proceeding which came into existence after January 1, 1880, and therefore should be entered on the docket as a court case. *Linahan* v. *Linahan,* 131 Conn. 307, 312.

This is not such an action as gives a right of trial by jury as a matter of right but it is rather a statutory proceeding to be disposed of as a court case.

The motion to strike from the jury docket is granted.