PHILLIPS W. LLOYD v.
THE NATIONAL BANK OF COMMERCE, EXECUTOR

SUPERIOR COURT        NEW LONDON COUNTY        FILE No. 18052

Memorandum filed July 15, 1948.

*Brown & James,* of Norwich, for the Plaintiff.

*Pelgrift, Dodd, Blumenfeld & Nair,* of Hartford, for the Defendant.

SHEA, J. In this action the plaintiff seeks to recover damages for injuries sustained because of the negligence of the defendant's decedent. There is nothing in the complaint to indicate that any claim against the estate has ever been presented to the executor.

Creditors of the estate of deceased persons are required to exhibit their claims against such estate to the executor thereon within the time fixed by the Court of Probate. General Statutes, § 4914. Such claim must be in writing. § 4915.

Section 4918 of the General Statutes provides that no suit .by any creditor of any deceased person whose estate is in process of settlement as a solvent estate shall be commenced against any executor or administrator within the period allowed by the Probate Court for the presentation of claims against such estate, unless written notice of a total or partial disallowance of his claim shall have been given by the executor or administrator of such estate. Such presentation is essential and a condition precedent to legal recovery against a solvent estate. *Grant* v. *Grant,* 63 Conn. 530.

It is essential to the plaintiff's right of recovery in this action that the claim be presented to the executor of the decedent's estate. The failure to allege this fact makes the complaint defective. *Raymond* v. *Bailey,* 98 Conn. 201, 209; also *Lutz* v. *Park City Auto Finance Co.,* 11 Conn. Sup. 65; *Lang* v. *Stoddard,* 13 Conn. Sup. 135.

The demurrer is sustained.