JOSEPH SARCIA, ADMINISTRATOR v. T. F. BYRNES, INC., ET AL.

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 85195

Memorandum filed October 31, 1949.

*Benjamin A. Markman,* of Hartford, for the Plaintiff.

*Joseph P. Cooney* and *Jerome T. Malliet,* both of Hartford, for the Defendants.

CORNELL, J. The office which a motion to expunge may perform is a very limited one. The defects in a pleading which it may be employed to reach are those stated in General Statutes, § 7822, and consist only of unnecessary repetition, prolixity, scandal, impertinence, obscurity, uncertainty, irrelevancy, im-

materiality. As such its function is a very limited one. *State v. Erickson,* 104 Conn. 542, 550. Even when matter wholly immaterial or irrelevant is sought to be removed from a pleading, the court has a wide discretion to exercise whether it will grant such a motion. *State ex rel. Bonoff* v. *Evarts,* 115 Conn. 98, 100.

The purpose served by such a motion is rarely a useful one. *State* v. *Hayes,* 127 Conn. 543, 582. In no case may the question of the existence of a legal right be determined upon a motion to expunge. *Rosenberg* v. *Slavin,* 122 Conn. 304, 306. In consequence, "it never should be used to take the place of a demurrer." *Katsonas* v. *Sutherland Building & Contracting Co.,* 104 Conn. 54, 68.

The complaint under scrutiny here alleges that plaintiff's decedent suffered injuries caused by the wrongful conduct of defendant which caused his death. In paragraph 8, it is alleged that his "estate has incurred expense for funeral bills" for the deceased's burial. The date of the injury from which plaintiff's decedent died is asserted to have been March 24, 1949, and the complaint is dated August 4, 1949. The claim to be entitled to the funeral bill alleged with any compensation recoverable is based upon § 679a of the Supplement of 1949, which became effective on July 1, 1949. This obviously was subsequent to the time when plaintiff's decedent's fatal injuries occurred. The question sought to be raised by the motion to expunge clearly is one involving a right which under the authorities referred to supra cannot be decided on such a motion.

Since some reference to the propriety of filing a demurrer to present the question of law involved has been made; Practice Book § 97; and the cases cited in the subnote thereto will be found of aid as respects the form of such a pleading.

The motion to expunge is denied.