STATE OF CONNECTICUT *v*. MARY G. MARTIN, EXECUTRIX
(ESTATE OF MARY J. GRADY)

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued April 14—decided June 2, 1953

*Ernest H. Halstedt,* assistant attorney general, with whom, on the brief, was *George C. Conway,* attorney general, for the appellant (plaintiff).

*Charles M. Lyman,* with whom was *William H. Kingston,* for the appellee (defendant).

INGLIS, J. This action was brought by the state through its commissioner of welfare against the executrix of the estate of Mary J. Grady for reimbursement of sums expended for the support of the decedent's son.

The allegations of the complaint may be summarized as follows: John W. Grady, the son of Mary J. Grady, has been supported by the state since 1931 in state institutions for the care and treatment of the mentally ill. There is due and owing to the state for that support to December 29, 1951, the sum of $7473.63. Mary J. Grady died on that date leaving a will which has been admitted to probate, and the defendant has qualified as executrix. The estate consists of property of the value of $9464.20. Within the time limited by the Court of Probate for the presentation of claims, the state presented its claim to the executrix and she disallowed it. The trial court sustained a demurrer to the complaint on the ground that it contained no allegation that the defendant's decedent was able in her lifetime to pay for the support of her son or that the amount claimed is reasonably commensurate with the financial ability of the defendant's decedent. The plaintiff failing to plead over, judgment was rendered for the defendant, and from this judgment the plaintiff has appealed.

The plaintiff concedes that its right to recover in an action such as this rests exclusively on the provisions of § 2663 of the General Statutes. Its contention is that this statute does not require any proof of the ability of the defendant's decedent during her lifetime to pay the state for the support of her son, because the action is not against her but against her estate directly. Whether this contention is sound depends on the interpretation of the statute.

The provisions of § 2663 relate to two classes of cases. The first portion of the statute provides that, when any person has been supported by the state or any town or city in any humane institution, "such person or his estate" shall be liable to reimburse the state or the town or city for the amount expended for his support. This clearly imposes a direct and unconditional obligation on either the recipient of support or his estate or both. The reasoning back of the provision imposing the unconditional and direct liability on such a person's estate is obvious. It is only just that public funds be made good for amounts expended on a person's behalf before his heirs or next of kin receive anything from his estate. See *State* v. *Romme,* 93 Conn. 571, 575, 107 A. 519.

The second portion of the statute deals with the liability, not of the supported person himself, but of certain of his relatives. This is the portion which is applicable to the case at bar. So far as it is relevant to the present discussion, it reads as follows: "If any such person shall have a husband, wife, father, mother, child, grandparent, grandchild, conservator or guardian, who is able to reimburse the state or such town or city, wholly or in part, for the sums expended by the state or such town or city for his support or benefit, the commissioner of welfare in the case of the state . . . may, in the name of the state . . . bring a complaint therefor in any court having jurisdiction . . . against such husband or wife or any such relative, or his or her executor or administrator . . . . Said court may render judgment against the defendant, or each or any of the several defendants, in favor of the state or such town or city for the sum so expended, or such portion thereof as the court shall find to be reasonably commensurate with the financial ability of any such defendant and the num-

ber and conditions of others dependent upon him . . . .
The statute of limitations shall not apply to any such
claim and any claim by the state or such town or city
for reimbursement from the estate of any deceased
person shall be presented to the executor or ad-
ministrator thereof within the time limited for the
presentation of other claims against such estate, but
failure to so present such claim shall not prevent
recovery from any other person hereby made liable
therefor."

The first thing to be noted is that the statute does
not impose an absolute and unconditional liability on
any of the relatives of a person who has been sup-
ported at public expense. In the very first sentence
quoted, liability is imposed only on a relative "who
is able to reimburse the state or such town or city,
wholly or in part." As so defined, the limitation on
the obligation imposed by the statute is further
manifested in the later provision that the court shall
enter judgment for the amount expended "or such
portion thereof as the court shall find to be reason-
ably commensurate with the financial ability of any
such defendant and the number and conditions of
others dependent upon him." Obviously, the intend-
ment of the statute is that a relative of a supported
person shall be called upon to reimburse the state or
town or city only if the relative is able to do so, and
then only to the extent that he can afford in connec-
tion with his obligations to others. If, therefore, this
action had been instituted against Mary J. Grady
in her lifetime, the complaint would not have stated
a good cause of action if it had not alleged that she
was able to reimburse the state for the amount ex-
pended for the support of her son.

The sole remaining question is whether the fact
that the action was instituted against the executrix

of Mary J. Grady's estate changed the situation so that such an allegation was not necessary in the case at bar. It is clear from the statute that the legislature did not intend to impose upon the executor of a deceased relative a direct obligation in the sense that the expenses of administration of an estate are direct obligations. The statute requires that the state's claim for reimbursement be presented to the executor or administrator of a relative's estate in the same manner as the claim of any creditor of the decedent. The duty to reimburse the state imposed by the statute upon a relative arises by reason of the existence of the relationship between the relative and the indigent person. It continues only so long as that relationship continues. When the relative dies the relationship contemplated by the statute is terminated. Consequently, whatever claim the state may have against the relative for reimbursement is complete and has matured at his or her death. In other words, the theory of the statute is that the claim for reimbursement is a claim against the decedent existent at the time of the decedent's death. It is good against the estate only to the extent that it was good against the decedent during his lifetime. Inasmuch, therefore, as an allegation that Mary J. Grady was able to reimburse the state was essential to the statement of a cause of action against her, it was likewise essential to the statement of a cause of action against her estate. Since the complaint lacked such an allegation, the demurrer was properly sustained.

There is no error.

In this opinion the other judges concurred.