## Luba H. Tulin *v.* Victor Johnson, Executor

Superior Court        Hartford County        File No. 92882

Memorandum filed October 30, 1953.

*Nathan Hillman,* of Hartford, for the Plaintiff.

*J. Ronald Regnier,* of Hartford, for the Defendant.

House, J. This is an action brought by a tenant against the executor of the estate of her landlord for injuries allegedly due to the dangerous and defective condition of the leased premises causing injury to the plaintiff during the life of the landlord. Paragraph 1 of the complaint alleges that the landlord, K, died on November 12, 1951, and the defendant was appointed and qualified as executor on December 14, 1951. The injury is alleged to have been sustained on October 26, 1951.

The complaint did not allege that the plaintiff had ever presented a claim against the estate of the deceased landlord. Subsequent to the allowance of a motion for more specific statement, the plaintiff filed such a statement as paragraph 8 of her complaint. In this paragraph she alleges that she presented her claim to the defendant executor in writing "on November 6, 1951 and on February 28, 1952, within the time limited for the presentation of claims by the Probate Court. . . ."

This motion is to expunge from this paragraph the words "on November 6, 1951 and" on the grounds that the pleading is obviously sham.

The presentation of a claim against the estate of a decedent to the executor or administrator is a condition precedent to legal recovery against a solvent estate under the statute (General Statutes § 6990) and failure to allege this fact in the complaint makes it defective. *Raymond* v. *Bailey,* 98 Conn. 201, 209; *Grant* v. *Grant,* 63 Conn. 530; *Lloyd* v. *National Bank of Commerce,* 15 Conn. Sup. 432. In the absence of allegation of presentation of the claim a demurrer will lie. *Lloyd* v. *National Bank of Commerce,* supra.

Motions to expunge are not favored, rarely serve a useful purpose, have only a limited function, and are to be granted only when the defect is plain. *Donovan* v. *Davis,* 85 Conn. 394, 398; *State* v. *Erickson,* 104 Conn. 542, 550; *Sarcia* v. *T. F. Byrnes, Inc.,* 16 Conn. Sup. 331. The motion is not designed to test substantial claims and is not proper when it is, in effect, a demurrer. *Morico* v. *Cox,* 134 Conn. 218, 221; *Harris* v. *First National Bank,* 139 Conn. 749, 753. It is, however, authorized by § 7822 of the General Statutes and by § 59 of the Practice Book as the proper motion to delete a pleading which is "sham."

In its primary meaning, "sham" is that which is false. See Webster's New International Dictionary (2d Ed.). The words "false" and "sham" are synonymous. *Howe* v. *Elwell,* 57 App. Div. (N.Y.) 357, 358; *McBride* v. *People,* 126 Colo. 277, 282. A sham pleading is one incompatible with the law or the nature and condition of things within the judicial knowledge, or appearing to be false by comparison with other declarations of the pleadings. *Flatt* v. *Norman,* 91 Mont. 543, 549.

Testing the words in question, we find that the allegation cannot be true. An executor is "a person appointed by a testator to carry out the directions and requests in his will, and to dispose of the property according to his testamentary provisions after his decease. As his interest in the estate of the deceased is derived from the will, it vests, according to the common law, from the moment of the testator's death." *Johnes* v. *Jackson,* 67 Conn. 81, 88.

It is alleged in the complaint that this testator died on November 12 and that the defendant executor was appointed and qualified on December 14. The allegation that the plaintiff presented her claim to the executor on November 6, within the time limited for presentation of claims, being even before the death of the testator, obviously cannot be true. It is sham and the motion to expunge is granted.