ROY SMITH *v.* CITY OF NEW HAVEN ET AL.

SUPERIOR COURT　　　NEW HAVEN COUNTY　　　FILE No. 91099

Memorandum filed November 18, 1959

*Charles G. Albom,* of New Haven, for the plaintiff.

*McNamara, Kaufman & Jones,* of Bridgeport, for defendant Rhoda Pestey, individually and as administratrix.

*George W. Crawford,* corporation counsel, for defendant city of New Haven.

ALCORN, J. The defendants are the city of New Haven and Rhoda Pestey "individually and as administratrix of the estate of Dora M. Fleischner." The plaintiff seeks to recover damages for a fall on a public sidewalk. The first count of the complaint purports to state a statutory cause of action against the city for a defective highway. The second count seeks recovery from the defendant Pestey based on negligence and nuisance in maintaining faulty drainage from private property adjoining the public walk. It is alleged that the defendant Pestey "individually and as administratrix . . . owned the real estate" on which the faulty drainage is said to have existed. How she acquires an owner status "as administratrix" is unexplained.

The defendant Pestey as administratrix demurs to the second count because there is no allegation that the plaintiff has ever presented a claim. Rev. 1958, § 45-205. The second count is completely silent not only as to the presentation of a claim but also as to the date of the intestate's death, the time limited for claims, and any related matter, including any assertion that the deceased had anything to do with the matters complained of.

The basis of liability under the second count, if any exists, must rest on possession and control of the realty rather than title. If the defendant Pestey had control of these premises, she might be proved to be individually responsible for negligence in the performance of the duties arising from that control. *Ziulkowski* v. *Kolodziej,* 119 Conn. 230, 234. The count seeks in addition, however, to hold the estate which she represents. A claim against the estate of a deceased person must rest on some obligation which the deceased voluntarily assumed or which was cast upon him by law. *Merwin's Appeal,* 72 Conn. 167, 172. Presentation of a claim is a con-

dition precedent to recovery against a solvent estate. *Tulin* v. *Johnson,* 18 Conn. Sup. 395, 396. The failure to allege such presentation, quite aside from any other defects not attacked by the demurrer, makes the second count of the complaint defective as a statement of a cause of action against the defendant administratrix. Rev. 1958, § 45-210; *Lloyd* v. *National Bank of Commerce,* 15 Conn. Sup. 432.

The demurrer is sustained.