The principal issue in this appeal is whether General Statutes 17-295b may be applied retroactively against the estate of a person who died before the enactment of the statute.
Section 17-295b, which was enacted in 1969 with an effective date of July 1, 1969; Public Acts 1969, No. 730, 13; provides that "[a] patient who is receiving or has received care in a state humane institution, his estate or both shall be liable to reimburse the state for any unpaid portion of per capita cost to the same extent as the liability of a public assistance beneficiary under sections 17-83e and 17-83g, subject to the same protection of a surviving spouse or dependent child as is therein provided." The statute allows the state to seek reimbursement against patients who have received care in state institutions, but the question in this case is whether the statute should have been applied where death occurred prior to the statute's enactment.
The defendant's decedent, Katherine Kushlak, was a patient at Fairfield Hills Hospital, a state-operated humane institution, from August 13, 1958, until her death on May 6, 1967. Between August 13, 1958, and May 6, 1967, the state department of *Page 520 
finance and control billed a total of $16,846.01 for the decedent's care at Fairfield Hills Hospital, all of which has been paid. The actual per patient cost in state humane institutions, as determined by the comptroller of the state of Connecticut, for the decedent's care during that period was $21,398.13. The defendant, Irene K. Chapman, was appointed administratrix of the estate of Katherine Kushlak on March 1, 1973. On May 22, 1973, the state, within the time limited by the Probate Court for the presentation of claims, presented a claim against the decedent's estate for $4,552.12, an amount that represented the difference between the per capita cost for the decedent's care and the billed charges. The claim was disallowed by the administratrix on November 20, 1973. The state then brought this action to obtain reimbursement for the difference between the per capita cost and the billed charges. The trial court rendered judgment for the state and the defendant has appealed.
The issue before this court is whether the trial court erred in concluding that the fact that Katherine Kushlak died before the enactment of 17-295b did not act as a bar to the state's assertion of a per capita cost claim against her estate. The defendant's decedent died in 1967. Her estate was not opened for probate until 1973. In the interim, 17-295b was enacted and became effective. The state concedes that there would be no claim for reimbursement had the decedent's estate been probated before 17-295b became effective. The state argues, however, that because admission to probate occurred after 17-295b was enacted, a valid claim for reimbursement against the estate now exists.
The basis for the state's claim for reimbursement from the defendant's decedent is statutory. General Statutes 17-295. The state's right to proceed against the estate of a patient is derived from its *Page 521 
right under the General Statutes to reimbursement for certain charges. It is well established, however, that obligations arising subsequent to death cannot be regarded as claims against an estate. Corbin v. Townshend, 92 Conn. 501, 505. Claims against an estate must rest on obligations incurred voluntarily by the deceased person or on obligations incurred through the operation of law during his lifetime. Id., 504; Merwin's Appeal,72 Conn. 167, 172; Smith v. New Haven, 21 Conn. Sup. 395,396; Locke Kohn, Conn. Probate Practice 507; Wilhelm, Conn. Estates Practice 236.
Therefore, a deceased patient's estate should be held liable only for obligations imposed by statute during his lifetime but not for obligations imposed by statutes enacted after his death. The only claims which the state may make against the estate are those which were good against the decedent during his lifetime. See State v. Martin, 140 Conn. 21, 25.
When the defendant's decedent died in May, 1967, the relevant statutes provided that the maximum rate to be charged for the support of each patient in a state humane institution was "the average of
total charges for the mental hospitals and state training schools . . . ." General Statutes 17-295 (b), as amended by Public Acts 1965, No. 594, 2. Total charges were computed by subtracting the costs of administration, general services, supervision or care of those outside of institutions, and education and training from the per capita cost. General Statutes 17-295 (a), as amended by Public Acts 1961, No. 590, 1. Each patient was held legally liable for his support from the date of his admission to the institution. Upon the death of a patient or a person who had been a patient in a state humane institution, the state had the right to claim reimbursement from the estate to the extent of the liability established by *Page 522 
17-295. Thus the state could seek reimbursement only for money owing toward full payment of the "total charges," an amount less than the per capita cost. The state's claim was given priority over all unsecured claims against the estate, except certain claims for funeral and burial costs, the expenses of a conservator, and administrative and probate expenses. General Statutes 17-300. At the time of this decedent's death, therefore, the relevant statutory provisions did not allow the state to bill patients at state humane institutions for the per capita cost of their care,[2] but only for reimbursement of amounts owing toward the payment of the "total charges." There is no claim before us, nor was there one made before the trial court, that those charges have not been paid in full.
The state further contends that 17-295b applies to the present case because it establishes the estate's liability for any patient "who is receiving or has received care in a state humane institution . . . ." Although the statutory language indicates that the statute was intended to cover both present and former patients, the present case presents the kind of situation in which courts have been reluctant to apply a statute retrospectively. Had the decedent's estate been probated prior to the passage of 17-295b, no claim would have been made against the estate for per capita cost. It is only because there was a delay in probate that the state has attempted to seek this reimbursement. The liability to reimburse the state was fixed at the date of the decedent's death and that liability was not enlarged by the subsequent enactment of 17-295b, even though the estate had not yet been probated. "A statute will not be given a retroactive construction *Page 523 
by which it will impose liabilities not existing prior to its passage . . . . The rule that laws are not to be construed as applying to cases which arise before their passage is applicable when to disregard it would impose an unexpected liability that if known might have caused those concerned to avoid it." Massa v. Nastri, 125 Conn. 144,148.
Section 17-295b provides that a patient or his estate shall be liable to reimburse the state "to the same extent as . . . under . . . (General Statutes] 17-83g . . . ." Section 17-83g established the liability of the estate of a public assistance beneficiary to reimburse the state for certain expenses and gives the state priority over most unsecured claims against the estate. The estate's liability is fixed as of the date of death under 17-83g "for all amounts . . . for which the state has not been reimbursed . . . ." See also General Statutes 17-300. The state's claim against the estate of the deceased recipient or patient depends upon the amount due and owing at the time of the death of that patient or recipient and is complete and mature at that time. Upon the date of death the estate's liability to reimburse the state is fixed and cannot be expanded or contracted by subsequent enactments. That was the statutory scheme when the defendant's decedent died, and it has not been changed.
 There is error, the judgment is set aside and the case is remanded to the Court of Common Pleas with direction to render judgment for the defendant.
In this opinion PARSKEY and SPONZO, Js., concurred.