[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO STRIKE
Plaintiffs move to strike defendant's First Special Defense, First Offset and Counterclaim and Second Offset and Counterclaim as legally insufficient and failing to set forth a claim upon which relief can be granted.
 II
A motion to strike contests "the legal sufficiency of . . . "any counterclaim" . . . any special defenses" Practice Bk. 152. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. Such motion admits all facts well pleaded but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108. The court must construe the facts in the manner most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36. If the facts provable under the allegations, would support a defense or a cause of action, the motion to strike must fail. Mingachos v. CBS, Inc. supra at 109.
 III
Defendant's First Special Defense states:
 "The Court lacks subject matter jurisdiction over the conflict since Conn. Gen. Stat. S. 52-178
has been declared unconstitutional."
In oral argument and in his memorandum of law accompanying his Objection to the Motion to Strike defendant indicates that the statutes he wishes to cite as unconstitutional are 52-278a "et seq." He bases his claim of unconstitutionality of said statutes on the court's decision in Pinsky v. Duncan, 989 F.2d 852 (2d CIR. 1990). The court in Pinsky held that General Statutes52-278e(a)(1) is unconstitutional. But the attachment complained of here was obtained pursuant to General Statutes 52-278f. Pursuant to General Statutes 52-278b one seeking a prejudgment remedy pursuant to 52-278f is exempted from compliance with the provisions of 52-278a to 52-278g inclusive. Defendant's legal conclusion that the court lacks subject matter jurisdiction over CT Page 1815 the conflict must fail. "The conflict" in question arises from plaintiffs' allegation that defendant defaulted on a certain promissory note. The court has subject matter jurisdiction and any subsequent attachment by plaintiffs of property of defendant would not deprive this court of subject matter jurisdiction.
 IV
The defendant's "First Offset and Counterclaim" is based on defendant's claim that General Statutes 52-278e is unconstitutional "and any prejudgment order of attachment filed or sought to be enforced thereunder is void and unenforceable." The short answer is that plaintiffs, in seeking their prejudgment remedy proceeded, not under General Statutes 52-278e but under52-278f. There is thus no basis for the First counterclaim as stated.
Moreover, even were defendant to amend his counterclaim to substitute 52-278f for 52-278e it must fail because it does not arise out of the same transaction as that which forms the basis of plaintiffs' complaint. Savings Bank of New London v. Santaniello,130 Conn. 210, Practice Bk., 116.
Plaintiffs' complaint is based on an alleged default by defendant on a promissory note. Both defendant's First and Second Counterclaims are based on an alleged illegal attachment made by plaintiffs on certain property of defendant.
As regards defendant's claims for Offset, a setoff arises from a transaction independent of that on which plaintiffs' complaint is based, Savings Bank of New London, supra at 210. But it must arise from a contract between the parties, Springfield-Dewitt Gardens, Inc. v. Wood, 143 Conn. 703, 713; Ethel Lang v. Robert E. Stoddard et al, 13 Conn. Sup. 135, 136. The setoffs claimed here do not arise from a contract between the parties. Finally, the damages claimed by way of both setoffs are unliquidated and as such cannot be set off. General Consolidated Limited v. Ruddick Sons, Inc., 4 Conn. Cir. 581.
For the foregoing reasons, plaintiffs' Motion to Strike is granted and defendant's First Special Defense, First Offset and Counterclaim and Second Offset and Counterclaim are ordered stricken.
John T. Downey, J.