[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This matter comes to the court on the motion of the defendant to strike the case from the jury docket.
The right to a jury trial is guaranteed by the United States and Connecticut Constitutions. U.S. Const. Amend. VII; Conn. Const. Art. I. 19. Under the constitution, if there was a right to a trial by jury in 1818 when the constitution was adopted, then that right remains intact. Skinner v. Angliker, 211 Conn. 370,374 (1989). Equitable actions are not within the constitutional guarantee of a trial by jury. Skinner, 211 Conn. at 374. The right to a jury trial exists not only in cases in which it existed at common law and at the time of the adoption of the constitutional provisions preserving it, but also exists in cases substantially similar thereto. Id.
The plaintiff State asserts that an action under Conn. Gen. Stat. 17-295b is purely statutory and did not exist at common law or in 1818.
Defendant asserts that this action to recover costs is founded on common law debt and, as such, is properly triable to a jury. See Swasson v. Boschen, 143 Conn. 159, 163 (1956). Defendant asserts that although there was no express contract between the State and Carlson, there existed a quasi-contract and/or a constructive contract under which the State could seek recovery.
Research has revealed one federal court applying Connecticut law which held that an incompetent's obligation or repayments to the State is an example of a liability created by statute which is quasi-contractual in its origin and basis. Matter of Crisp,521 F.2d 172, 175 (2d Cir.).
Nevertheless, abundant Connecticut case law supports a finding that the subject cause of action is purely statutory. The Connecticut General Assembly authorized reimbursement to the State from persons cared for in humane institutions under Conn. Pub. Acts No. 37 (1915). See State v. Romme, 93 Conn. 571, 572-73
(1919). Such right to reimbursement is currently codified at Conn. Gen. Stat. 17-298 (rev'd to 1991). The State in making expenditures for the care and support of a person in such an institution, enters into no contractual relation with that person.
State v. Romme, 93 Conn. at 573; see also Reilly v. State, 119 Conn. 508, CT Page 2489 511 (1935). A patient's or a patient's estate's obligation to reimburse the State is an obligation imposed by statute. State v. Metrusky, 140 Conn. 26, 30 (1953); State v. Chapman, 34 Conn. Sup. 518, 520 (App. Sess. 1976). The court has held that the State's right to reimbursement in these cases rests exclusively on the provisions of [17-298] of the General Statutes. State v. Martin, 140 Conn. 21, 22 (1953); State v. Metrusk, 140 Conn. at 29. The action of the State to recover costs for care of a person in a humane facility is "not such an action as gives a right of trial by jury as a matter of right but it is rather a statutory proceeding to be disposed of as a court case." State v. Jasinski, 15 Conn. Sup. 369, 370 (Super.Ct. 1948). Prior to the existence of [reimbursement] statutes there would have been no action at law to enable the State to recover for such support. Id. at 370. Reimbursement provisions were unknown to the common law and necessarily had to be created by statute. Estate of Ward, 375 N.Y.S.2d 243 (1975), quoted in State v. Dalessio, D.N. 290779, J.D. of Hartford/New Britain at Hartford, Memorandum of Decision on Motion to Strike from Jury List, November 14, 1984, Dorsey, J.
There did not exist a contract between the State and the defendant's incompetent.
The defendant's liability to the State is by virtue of Conn. Gen. Stat. 17-295 and the State's right to reimbursement is based on Conn. Gen. Stat. 17-298, both being purely statutory.
The State had no right to reimbursement under the common law.
The defendant does not have a constitutional right to a trial by jury as this cause of action did not exist at common law nor in 1818.
The plaintiff's motion to strike this case from the jury docket is granted.
Donald W. Celotto, Judge